UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

SUSAN BEATY, THOMAS BEATY, WILLIAM MAY
and JANEEN MAY, on behalf of themselves and a
similarly situated class and INTERNATIONAL
UNION, UNITED AUTOMOBILE, AEROSPACE,
AND AGRICULTURAL IMPLEMENT WORKERS
OF AMERICA,

                Plaintiffs,                Case No. 11- S-890-NE

v.                                            Hon. Lynwood Smith

CONTINENTAL AUTOMOTIVE SYSTEMS
U.S., INC.,

                Defendant.

---

**BRIEF IN SUPPORT OF PLAINTIFFS'
MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT**

                                 William A. Wertheimer (P 26275)
                                 Attorney for plaintiffs
                                 William A. Wertheimer
                                 30515 Timberbrook Lane
                                 Bingham Farms, MI  48025
                                 (248) 644-9200

                                 Niraj Ganatra (P 63150)
                                 Attorney for plaintiff UAW
                                 UAW International
                                 8000 E. Jefferson Avenue
                                 Detroit, MI  48214
                                 (313) 925-5216

I.  **INTRODUCTION**

This is a class action retiree health benefits case brought pursuant to Section 301 of the Labor-Management Relations Act, 29 U.S.C. §185 and Section 502(a)(1)(B) of the Employee Retirement Security Act of 1974, 29 U.S.C. §1132(a)(1)(B). It was filed on 21 October 2010 in the Eastern District of Michigan and transferred to this Court on 7 March 2011.

On 6 February 2012 this Court certified a class of 93 retiree members, as well as spouses and dependents of retirees pursuant to Rule 23(b)(2) and appointed the undersigned as class counsel pursuant to Rule 23(g). Docket No. 46. On 6 February 2012 this Court also granted the parties' joint motion for preliminary approval of the settlement agreement. Docket No. 45. On 14 February 2012 all class members were provided with written notice of the proposed settlement in the form of Docket No. 43-8. The fairness hearing is scheduled for 4 April 2012.

II.  **FACTS**

A.  **The Lawsuit**

Plaintiffs filed this case seeking a determination that defendant Continental Automotive Systems, U.S., Inc. ("Continental") was contractually obligated to provide class members with lifetime retiree medical benefits that mirror those

provided to Chrysler/UAW retirees by the UAW Retiree Medical Benefits Trust ("UAW RMBT"). The class consists of former employees of Continental (and their spouses and dependents) who were represented in collective bargaining by the UAW and subject to the 24 January 2004 Huntsville Facilities Agreement and who retired from Continental's plant in Huntsville, Alabama and who are not already entitled to receive retiree medical benefits from the UAW RMBT.

The parties' dispute arose as a result of Continental's 31 August 2009 announcement that it would close the Huntsville plant effective 31 December 2010. In the resultant effects bargaining, Continental took the position that it was not required to provide retiree medical benefits at the same level as provided by the UAW RMBT. The UAW took the same position it takes in this suit.

### B.   The Negotiations

As part of the effects bargaining and the negotiations between counsel in this litigation, the parties ultimately agreed on the framework for resolving their dispute regarding retiree medical benefits. The core terms and conditions were incorporated into an effects bargaining agreement, which was ratified by the relevant local hourly and salaried bargaining units on 29 August 2011.

From September 2011 through January 2012, the parties to this litigation negotiated and entered into the proposed settlement agreement that is attached to

the joint motion for preliminary approval. Docket No. 43-1. It settles all claims of the class members, the UAW and Continental that arise from this dispute.

### C. The Settlement

The settlement agreement provides that Continental will pay the UAW RMBT a total of $23,846,342.47 in order to fund retiree medical benefits for the class members, except that this amount will be reduced by the cost to Continental of providing retiree medical benefits to the class members from 1 January 2012 until the settlement agreement is implemented and class members become participants in the UAW RMBT. Continental will make three payments to the RMBT: 1) one within five days of the settlement agreement being effective; 2) a payment on January 4 of the year following the settlement being effective; and 3) a payment on January 3 of the second year following the settlement being effective.

The provision of retiree medical benefits by the UAW RMBT will allow the retiree medical benefits to be provided through a significantly lower administrative cost structure, and provides greater investment options for assets and with less expected volatility than if they were delivered through a voluntary employee benefits association ("VEBA") established solely for the class members. See the report of Stuart Wohl, Senior Vice President, Segal Company at Docket No. 43-9. When the settlement is implemented, the UAW RMBT will be the sponsor for the

retiree medical benefits for the class, and class members will receive the same level of benefits as other Chrysler/UAW retirees receive from the UAW RMBT. Continental will then have no further obligation to provide retiree medical benefits.

### D.     The UAW RMBT

The UAW RMBT is a VEBA established pursuant to a settlement agreement between Chrysler, the UAW and a certified class representing the Chrysler/UAW retirees in the case of *UAW v. Chrysler,* Civil Action No. 2:07-cv-14310, that was approved by the United States District Court for the Eastern District of Michigan on 31 July 2008 and similar settlements for General Motors and Ford Motor Company. The VEBA was subsequently amended by a settlement agreement entered into between the UAW and New CarCo Acquisition LLC in the bankruptcy action known as *In re: Chrysler LLC*, Case No. 09-B-50002 which was approved by the United States District Court for the Southern District of New York on 1 June 2009. The trust agreement and the bankruptcy settlement agreement are available at the UAW RMBT website at www.uawtrust.org.

These settlement agreements are meant to set up a mechanism whereby the affected retirees will be provided health benefits for their lifetimes at the levels currently in place. They provide for Chrysler to fund the UAW RMBT with a combination of bonds, stock and cash with an estimated value of $9-10 billion as

of 2008. *UAW v. Chrysler,* Case No. 2:07-cv-14310, docket no. 46, finding of fact no. 70. The federal judge in Detroit in reviewing the settlement agreement for fairness concluded that the experts hired by the class and the UAW agreed that the principal actuarial assumptions used in negotiating the funding were within a range of reasonableness but that there was no guarantee that the funding would in fact prove to be sufficient. Case No. 2:07-cv-14310, docket no. 46, conclusion of law no. 70.

The future viability of the UAW RMBT is as described above tied to the viability of Chrysler. Chrysler's most recent financials show that it had net income of $183 million in 2011 as contrasted to a net loss of $652 million in 2010 despite a $551 million loss for the extinguishment of debt owed to the United States and Canadian treasuries and that its net revenues were up 31% at $55 billion and vehicle sales were up 22% at 1,855,000. See the 1 February 2012 "Chrysler Group LLC Reports Financial Results for the Period Ending December 31, 2011" at the website www.chryslergroupllc.com/Investors/Pages/Overview. Chrysler has a credit rating of B2 from Moody's -- five levels below investment grade -- but with a positive outlook and a credit rating of B+ from Standard & Poors -- four levels below investment grade. See a Detroit Free Press article of 4 May 2011 at www.globalautomakers.org. For comparison, Continental has a credit rating of Ba3

from Moody's -- three levels below investment grade. See 6 April 2011 article in www.AutomotiveWorld.com.

### III.   ARGUMENT

#### A.   Controlling Standard

Federal Rule of Civil Procedure 23(e) provides that "the claims, issues, or defenses of the certified class may be settled, voluntarily dismissed, or compromised only with the Court's approval." Where, as here, the proposed settlement would bind class members, this Court may approve it "only after a hearing and on finding that it is fair, reasonable, and adequate." Rule 23(e)(2). This Court's judgment should be informed by the strong judicial policy favoring settlement and by the realization that compromise is the essence of settlement. *United States v. City of Miami,* 614 F.2d 1322, 1344 (5th Cir. 1980).

The standards in this Circuit applicable here were set out in *Bennett v. Behring Corporation,* 737 F.2d 982, 986 (11th Cir. 1984):

> Specifically, the court made findings of fact that there was no fraud or collusion in arriving at the settlement and that the settlement was fair, adequate and reasonable, considering (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved.

7

Accord, *Lipuma v. American Express,* 406 F. Supp.2d 1298, 1314-1315 (S.D. Fla. 2005) (determining that negotiations were informed and arms length and then applying the six *Bennett* factors); *Dowdell v. Ona Corporation,* Case No. 97-2390 (N.D. Ala. 13 Feb. 1998).

### B. Relevant Factors

#### 1. The parties engaged in informed, arms-length negotiations.

The parties did engage in informed, arms-length negotiations. As described above, the effects bargaining negotiations lasted in excess of a year; the negotiations relating to the precise terms of the settlement agreement took four months; and the litigation in two federal district courts has been on-going for eighteen months. All this evidences that the parties were informed and negotiated in good faith and at arms length.

Further, each side is bearing its own attorneys' fees and no special payments are being made to the named plaintiffs in this action.

#### 2. The likelihood of success at trial.

Plaintiffs here faced a risk that they would not prevail at trial. The Sixth Circuit, where plaintiffs originally sued, has precedent that favors retirees in disputes over the vesting of their health benefits. *UAW v. Yard-Man,* 716 F.2d 1476 (6th Cir. 1983). And as this Court recognized in its decision preliminarily

approving this settlement agreement: "The Eleventh Circuit has not ruled definitively on whether retirement benefits have vested in a factual scenario similar to that presented in these consolidated cases." Docket No. 45, page 19. And even in the Sixth Circuit, courts have recognized the benefits of compromise settlements in retiree benefit cases given the stakes involved and the inherent uncertainty of litigation. *UAW v. General Motors,* 497 F.3d 615, 631 (6th Cir. 2007).

### 3. The range of possible recovery.

If plaintiffs were to lose at trial, class members could be stripped of their medical benefits in their entirety for the remainder of their lives. The bottom of the range of possible recovery is therefore zero benefits. Plaintiffs in their complaint sought lifetime retiree medical benefits that mirror those that were being provided by the UAW RMBT to former UAW-represented employees of Chrysler. Docket No. 1. The parties' proposed settlement agreement requires Continental to make payments to the UAW RMBT for the purpose of funding the receipt of benefits by the class from the UAW RMBT for the rest of their lives -- the benefits sought.

While there is some risk in having the UAW RMBT provide the benefits, that risk was deemed to be a reasonable one in the Chrysler settlements and appears to be so in this case. Further, the UAW RMBT will be able to provide a significantly lower administrative cost structure than if they were delivered

through a VEBA established solely for class members. Finally, the practical substitution of Chrysler for Continental as the obligor appears to add only moderately to the risk as Chrysler's bond ratings are only one or two levels below Continental's and Chrysler's economic condition has improved considerably in the past year as described above.

### 4. The point on or below the range of possible recovery at which a settlement is fair.

This factor overlaps entirely with the analysis for the factor discussed immediately above because in resolving this litigation, Continental has agreed to pay to the UAW RMBT the full actuarial value of the retiree medical benefits the retirees are seeking. Put another way, the recovery for the class is at the maximum point on the range of possible recovery.

### 5. The complexity, expense and duration of litigation.

This factor also weighs in favor of approval. This litigation has been complex for the last eighteen months. And if the parties had not settled this matter the litigation would likely have continued for an extended period. See for example any of the five reported cases in the declaration of the undersigned that is attached to plaintiffs' motion for class certification. Docket No. 36-1.

### 6. The substance and amount of opposition to the settlement.

No one has, to date, filed an objection to the settlement. Additionally, the undersigned met with members of the class on 30 August 2011 to discuss the terms of the then tentative settlement agreement and those retirees and their spouses at the meeting uniformly expressed support for the settlement.

**7.  The stage of proceedings at which the settlement was achieved.**

Litigation was ongoing before serious settlement discussions occurred. The parties have filed multiple motions. One resulted in this case being transferred to this Court from the Eastern District of Michigan. The parties have not engaged in formal discovery. However, the parties had equal access to the core legal agreements at issue and the underlying extrinsic evidence.

## IV.   CONCLUSION

Based on each of the relevant factors, this Court should finally approve this class action settlement.

Under the Class Action Fairness Act, 28 U.S.C. 1711-1715, Continental was required to give notice of the settlement to the U.S. Attorney General and the Attorney Generals of Tennessee and Alabama and did so on 17 February 2012. Under this act final approval of a settlement agreement cannot be given until 90

11

days after such notice. Plaintiffs would therefore respectfully request that this Court make its approval no earlier than 17 May 2012.

Respectfully submitted,

By:  s/William A. Wertheimer
William A. Wertheimer (P 26275)
Attorney for plaintiffs
William A. Wertheimer
30515 Timberbrook Lane
Bingham Farms, MI  48025
(248) 644-9200

s/Niraj Ganatra
Niraj Ganatra (P 63150)
Attorney for plaintiff UAW
UAW International
8000 E. Jefferson Avenue
Detroit, MI  48214
(313) 925-5216

Dated: 21 March 2012

## CERTIFICATE OF SERVICE

I certify that on 21 March 2012 I electronically filed the foregoing paper with the clerk of the court using the ECF system that will send notification of such filing to all counsel of record.

s/William A. Wertheimer
William A. Wertheimer (P 26275)
Attorney for plaintiffs
